UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ADAN LOPEZ<br>　　Plaintiff, | § § § | |
| vs. | § § | |
| STATE AUTOMOBILE MUTUAL<br>INSURANCE COMPANY<br>　　Defendant. | § § § § § | Civil Action Number<br><br>Jury |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, State Automobile Mutual Insurance Company, files this Notice of Removal pursuant to 28 U.S.C. §1446(a), and would respectfully show as follows:

### I.
### INTRODUCTION

1. Plaintiff is Adan Lopez ("Plaintiff"); Defendant is State Automobile Mutual Insurance Company ("Defendant"). There are no other parties. *See* Plaintiff's Original Petition, attached as Exhibit "A - 1".

2. On February 8, 2016, Plaintiff filed Cause No. 9,384, *Adan Lopez vs. State Automobile Mutual Insurance Company* in the 49th Judicial District Court of Zapata County, Texas ("State Court Action"). *See* Exhibit "A - 1". Plaintiff's suit alleges breach of contract, violations of the Texas Insurance Code and Deceptive Trade Practices Act (DTPA), negligence, negligent misrepresentation, and negligent hiring, supervision, and/or management, relating to damage allegedly suffered at Plaintiff's home located at 2202 Jackson Street, Zapata, Texas 78076. *See* Exhibit "A - 1".

3.	A citation was issued and State Automobile Mutual Insurance Company was served on February 12, 2016. *See* Exhibit "A – 4" and Affidavit of Sherri King attached as Exhibit "B". Defendant files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). Defendant files its Answer in this Court, contemporaneously with the filing of this Notice.

4.	Plaintiff has not filed any amended pleadings and no additional parties have been joined. The State Court's Docket Sheet is attached as Exhibit "A – 7".

## II.
## REMOVAL BASED ON DIVERSITY JURISDICTION

5.	Pursuant to 28 U.S.C. §1332(a), Defendant removes this case as it involves a controversy between parties of diverse citizenship and an amount in controversy that exceeds $75,000.

6.	Plaintiff is a citizen of Texas. *See* Exhibit "A - 1". State Automobile Mutual Insurance Company is a foreign corporation organized under the laws of the state of Ohio with its principal place of business located at 518 E. Broad Street, Columbus, Ohio 43215. *See* Exhibit "B". State Auto Property & Casualty Insurance Company is the entity who wrote Plaintiff's insurance policy and is a foreign corporation organized under the laws of the state of Iowa with its principal place of business located at 518 E. Broad Street, Columbus, Ohio 43215. *See* Exhibit "B".

7.	Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a). Plaintiff's Original Petition purports to seek only monetary relief of $74,999.99 or less. *See* Exhibit "A - 1". However, Plaintiff has not included with its Original Petition any type of affidavit limiting the amount of relief sought or a binding stipulation limiting

damages. *See* Exhibit "A – 1." It is well-established that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints. . . ." *De Aguilar v. Boeing Company*, 47 F.3d 1404, 1412 (5th Cir. 1995). Plaintiff's assertion that it seeks monetary relief of only $74,999.99 or less violates Texas Rule of Civil Procedure 47(b) and serves no purpose other than to avoid federal jurisdiction. *See id.* at 1408. Specifically, Rule 47(b) requires only "a statement that the damages sought are within the jurisdictional limits of the court." Tex. R. Civ. P. 47(b). The United States District Court for the Southern District of Texas permitted removal under similar facts in *Noyola v. State Farm Lloyds*. *Noyola v. State Farm Lloyds*, No. 7:13-CV-146, 2013 WL 3353963 (S.D. Tex., July 3, 2013)[1]. In *Noyola*, plaintiff's original petition sought damages "inclusive of attorney fees, in an amount not exceeding $75,000.00." *Id.* at *1. In permitting removal, the U.S. District Court for Southern District of Texas McAllen Division noted that the Texas Rules of Civil Procedure prohibited plaintiff from pleading for a specific sum of damages in such cases involving unliquidated damages. *Id.* at *2. In particular, the court noted that plaintiff's attempt to limit damages to a sum below $75,000.00 was a mere attempt to avoid federal jurisdiction and constituted bad faith. *Id.* Therefore, the court concluded that the amount demanded in the complaint was not determinative of the amount in controversy. *Id.* Similar to *Noyola*, Plaintiff's attempt to limit damages to $74,999.99 or less without a signed affidavit or binding stipulation is merely an attempt to divest this Court of jurisdiction and does not control whether this case is removable to this Court.

8.  When ambiguities as to the amount in controversy exist, the defendant may support federal jurisdiction by establishing facts in the removal petition or by affidavit to illustrate that

---

[1] Defendant notes that this is an unpublished case and does not serve as binding precedent, but has referenced it here due to factual similarities with the instant case.

the amount in controversy is in excess of $75,000.00. *Garcia v. Koch Oil Co. of Texas Inc*, 351 F.3d 636, 638-39 (5th Cir. 2003). On December 1, 2015, Plaintiff tendered a demand to Defendant seeking damages totaling $120,104.29, which included alleged unpaid damages under the contract, penalties, interest, attorney fees, bad faith damages and emotional distress. *See* Exhibit "C." Similar to its demand, Plaintiff's Original Petition seeks contractual damages, treble damages under the DTPA, interest, costs, expenses, and attorney fees, among others. *See* Exhibit "A-1." Pre-suit demand letters can be considered to determine the amount in controversy. *See e.g., Molina v. Wal-Mart Stores Texas, L.P.*, 535 F.Supp.2d 805, 807-08 (W.D. Tex. 2008) (citing *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998)). Based upon the amount of damages sought in Plaintiff's demand, it is clear that Plaintiff's improper limitation of damages in his Original Petition was nothing more than an attempt to prevent removal to this Court. As such, the amount in controversy set forth in the demand illustrates that the jurisdictional amount in controversy is in excess of $75,000.00.

9. State Auto is the only Defendant in this action; therefore, no consent is needed for the removal of this case to federal court.

10. An Index of Exhibits is attached as Exhibit "A". Copies of all pleadings, process, orders, and other filings in the State Court Action are attached to this notice as Exhibits "A - 1" through "A - 7", as required by 28 U.S.C. §1446(a).

11. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this District and within this Division.

12. State Auto will promptly file a copy of this Notice of Removal with the clerk of the court in the pending State Court Action.

## III.
## JURY DEMANDED

13. State Auto hereby demands that this matter be heard by a jury.

## IV.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant State Auto prays that this case be removed to the United States District Court for the Southern District of Texas, Laredo Division, and that further proceedings in the State Court Action be discontinued, and that this Court assume full jurisdiction over such action as provided by law.

Respectfully submitted,

*/s/ Sterling Elza*
Sterling Elza
Attorney-In-Charge
State Bar No. 24026823
Southern District of Texas Bar No. 1043963
Alicia A. Murphy
State Bar No. 24095005
Southern District of Texas Bar No. 2717568
306 West 7th Street, Suite 200
Fort Worth, Texas 76102-4905
Tel: 817/332-1391
Fax: 817/870-2427
Email: selza@browndean.com
       amurphy@browndean.com

**ATTORNEY FOR DEFENDANT,
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was served upon the Plaintiff, by serving counsel of record, Rodolfo Canche, Jr., Law Office of Rodolfo Canche, Jr., 320 Lindberg Avenue, McAllen, Texas 78501, (956) 750-7060, via fax and certified mail, return receipt requested, on this the 4th day of March, 2016.

                                                /s/ Sterling Elza
                                                Sterling Elza