9,384

Filed 2/8/2016 3:44:11 PM
Dora Castanon
District Clerk
Zapata County, Texas

CAUSE NO. _____

| | | |
|---|---|---|
| ADAN LOPEZ<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| STATE AUTOMOBILE MUTUAL<br>INSURANCE COMPANY<br>Defendant. | § § § § | ZAPATA COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Adan Lopez, hereinafter called Plaintiff, complaining of and about STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Adan Lopez, is an Individual whose address is 2202 Jackson Street, Zapata, Texas 78076.

3. Defendant STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. Plaintiff seeks:

    a. only monetary relief of $74,999.99 or less, including damages of any kind,


EXHIBIT A-1

penalties, costs, expenses, pre-judgment interest, and attorney fees.

6. This court has jurisdiction over Defendant STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over STATE AUTOMOBILE MUTUAL INSURANCE COMPANY will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Venue in ZAPATA County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8. On May 23, 2015, my client experienced a covered event on your policy which caused damage to my client's home. My Client notified Insurer of the loss in compliance with the policy. The Insurer sent an adjuster to inspect the loss. That adjuster found limited covered damages resulting in under-payment of the claim.

## DECEPTIVE TRADE PRACTICES

9. Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

10. <u>Unconscionable Action or Course of Action</u>. Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

11. <u>Unfair Claim Settlement Practices</u>. Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

(a) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

(b) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; and

(c) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

12. <u>Producing Cause</u>. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

13. <u>Reliance</u>. Plaintiff would further show the acts, practices and/or omissions complained of under Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

14. <u>Written Notice Given</u>. Plaintiff has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code and Section 541.154 of the Texas Insurance Code by letter dated December 1, 2015, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## NEGLIGENCE

15. In the course of the transactions between Plaintiff and Defendant, Defendant owed Plaintiff a duty to adjust and pay the claim properly.

16. Plaintiff would show that Defendant failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendant described hereinabove by which Defendant breached such duty constitute a proximate cause of the damages of Plaintiff described more fully hereinbelow, for which Defendant is liable to Plaintiff.

## NEGLIGENT MISREPRESENTATION

17. Plaintiff would show that Defendant supplied false information in the course of said Defendant's business, profession or employment, or in the course of a transaction in which Defendant has a pecuniary interest, and that such information was supplied by Defendant for the guidance of Plaintiff in the transactions described hereinabove. Defendant failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

18. Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendant, as provided by <u>Federal Land Bank Association of Tyler v. Sloane</u>, 825 S.W.2d 439 (Tex. 1991).

## NEGLIGENT HIRING, SUPERVISION, AND/OR MANAGEMENT

19. Plaintiff would show that Defendant STATE AUTOMOBILE MUTUAL INSURANCE COMPANY owed a duty to clients and customers, including Plaintiff, to exercise ordinary care in the hiring of competent employees, and in the supervision and management of said Defendant's employees.

20. Plaintiff would further show that Defendant STATE AUTOMOBILE MUTUAL INSURANCE COMPANY failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise said Defendant's personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for such employees. These conditions created an environment in which misrepresentations to clients and customers were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiff described hereinabove, which proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sues.

## BREACH OF CONTRACT

21. Plaintiff would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## ECONOMIC AND ACTUAL DAMAGES

22. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

    (a) Out-of-pocket expenses.

    (b) Loss of use.

    (c) Cost of replacement.

    (d) Diminished or reduced market value.

    (e) Costs of repairs.

    (f) Remedial costs and/or costs of completion.

    (g) Reasonable and necessary engineering or consulting fees.

    (h) Reasonable expenses of temporary housing.

    (i) Lost earnings.

## DAMAGES FOR MENTAL ANGUISH

23. Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

24. As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of

this Court.

## MULTIPLE DAMAGES

25. As alleged hereinabove, Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

26. Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

27. Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

28. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 541.152(a)(1) of the Texas Insurance Code; (c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Adan Lopez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

By: _____
Rodolfo Canché, Jr.
LAW OFFICE OF RODOLFO CANCHÉ, JR.
320 Lindberg Avenue
McAllen, Texas 78501
Tel.     (956) 377-0187
Fax.    (956) 750-7060
Email:  rudycanche@canchelaw.com
Texas Bar No. 24040635
ATTORNEY FOR PLAINTIFF, ADAN LOPEZ

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**